in the rule. Wallace v. State, 46 Tex. Cr. R. 349, 81 S. W. 966; McCorquodale v. State, 54 Tex. Cr. R. 344, 98 S. W. 881; Ogden v. State, 58 S. W. 1018; Brown v. State, 74 Tex. Cr. R. 356, 169 S. W. 437.

[3, 4] The regular judge of the district court trying this cause was disqualified to sit in the case under article 5, § 11, of the Constitution, and under article 617 of the Code of Criminal Procedure. He did not try the case, but set it on the docket for a day and ordered a special venire of 70 men. The judge trying the case overruled appellant's motion to quash this special venire, based upon the contention that the disqualification of the regular judge to sit in the case rendered void the orders mentioned. Article 655 defines a "special venire" as a writ issued by order of the district judge in a capital case, and article 658 defines the terms of the order, directing that it specify the number of persons to be summoned and the time they are to attend, the time the writs are to be returnable; and article 661 prescribes the manner of drawing the special venire, and directs that the names selected by the jury commissioners for special venire service shall be placed on tickets of the same size and color and placed in a box and shaken up, and from this box the clerk, in the presence of the judge, in open court, shall draw the number of names required for further venire service. Appellant contends that there was error in failing to sustain his motion to quash the venire. On this question both the appellant's and the state's counsel have filed very interesting and very able briefs and arguments; the appellant contending that the acts done by the disqualified judge involved the exercise of judicial discretion, and were consequently inhibited; the state insisting that, while the acts may have required the exercise of some discretion, they were nevertheless ministerial in their nature, and such as might be legally done.

The briefs and arguments evidence great research and ability, but disclose but few cases directly touching the point involved. It is very forcibly and plausibly argued that the fact that it has been held that the defendant's presence was not necessary at the drawing of the special venire indicates that that act would not be within the inhibition of the Constitution. In Cock v. State, 8 Tex. App. 666, the question was whether the disqualified judge might receive the indictment. This question was answered in the affirmative, and, discussing the matter, the court says that the phrase "sit in any case" means to try the case, and that the disqualified judge would not be incompetent to preside in taking incidental orders. In Reed's Case, 11 Tex. App. 606, 40 Am. Rep. 795, the court says: "The judge shall not 'sit,' which evidently means make any orders in or try any case."

The appellant refers to the case of Salm v. State, 89 Ala. 56, 8 South. 67, where the Supreme Court of Alabama, under a statute somewhat similar to ours, held that setting the case and drawing the venire were among the things which a disqualified judge could not legally do.

The setting of the case, we think, is one of the incidental orders which the disqualified judge might make. A. & E. Enc. of Law, vol. 17, p. 732; Cyc. vol. 27, p. 793.

The act of deciding how many special veniremen shall be drawn and the act of presiding in court when the list of men from whom the trial jury is to be selected is drawn, as provided by article 661, supra, are so intimately associated with the trial of the case, and capable of so potent an influence thereon, that we believe they are among the things which the Constitution forbids a disqualified judge to do when it says he shall not "sit in the case."

We have considered the other assignments and are of the opinion that no reversible error is presented by any of them.

For the errors pointed out, the judgment of the lower court will be reversed, and the cause remanded.

---

FLORES v. STATE.   (No. 4522.)

(Court of Criminal Appeals of Texas. June 6, 1917.)

CRIMINAL LAW ☞1099(5)—APPEAL—RECORD —TIME TO FILE.

A statement of facts filed long after the adjournment of court cannot be considered on appeal.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Jose Flores was convicted of theft, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of theft, his punishment being assessed at two years' confinement in the penitentiary.

One of the grounds of the motion for new trial is the alleged misconduct of the jury in discussing the failure of the defendant to testify. There is a statement of facts in regard to the matter, but it was filed long after the adjournment of court, and for that reason cannot be considered. The other matters are of no serious import, and need not be discussed.

The judgment is affirmed.